JOHN L. PEABODY *vs.* CITY OF LEWISTON, appellant.

Androscoggin.   Opinion April 6, 1891.

*Wages. Assignment. Record. R. S., c. 111, § 6.*

An assignment of wages, duly recorded, will prevail against an order of the assignor, earlier in date, but neither accepted in writing nor recorded, to pay the same wages to a third party.

ON EXCEPTIONS.

This was a suit by the plaintiff, as assignee of Charles Souther, to recover wages of the said Souther to the amount of sixty dollars

and ninety cents. The defendant admitted its liability but not to the full amount, and filed an offer to be defaulted. The case was heard by the presiding justice, subject to right of appeal by either party, upon an agreed statement of facts, and judgment was ordered for the plaintiff for the full amount claimed, to which ruling the defendant excepted.

(Agreed statement of facts.) "This is an action on the case wherein the plaintiff claims to recover of the defendant the amount due one Charles Souther, December 19, 1888, and the earnings of said Charles Souther while in the employ of said defendant from December 19, 1888, up to and including a part of the month of February, 1889, amounting as follows:

| | | |
|---|---|---|
| Earnings of December, . . | $22 | 00 |
| Earnings of January, . . | 22 | 00 |
| Earnings of February, (part) . | 16 | 90 |
| | $60 | 90 |

"The plaintiff claims to recover the full amount of such earnings under an assignment of wages from said Souther, dated December 19, 1888, and recorded in the Lewiston City Clerk's office, December 19, 1888.

"The defendant claimed the right to deduct ten dollars from each month's earnings, as stated above, by reason of an order from said Souther to David Farrar, City Treasurer, to pay said amounts to Nealey & Miller, dated November 20, 1888.

" Said order was presented to said David Farrar on the day of its date, and he verbally accepted it and promised the said Nealey & Miller that he would pay them the contents of said order according to its terms, and pursuant to this arrangement he paid said Nealey & Miller ten dollars on the 10th day of December, and settled with the said Souther for the balance of his wages due up to that time.

"The written acceptance of the order was not placed thereon until after the assignment to the plaintiff had been executed and recorded, and the said Farrar had notice thereof.

"The said Farrar was the duly elected and qualified Treasurer of the City of Lewiston, and had the powers pertaining to that office, but had no special authority to bind the city by said

verbal or written acceptances. At the date of said order and long prior thereto, he acted as paymaster, by the direction of the city government, of all workmen employed by the city, and had sole charge of paying them their wages to the amounts appearing on the pay-rolls made up by heads of the several departments in which they worked.

"The order and the assignment were each given for a valuable consideration, and the payments indorsed on the order were made as there indorsed.

"Notice of the assignment to the plaintiff was given to the defendant, December 19, 1888, and demand for the payment of the earnings of said Souther duly made and refused so far as the thirty dollars paid to Nealey and Miller for the months of December, January, and February are concerned, but the defendant admitted its liability to the plaintiff so far as the balance of said earnings are concerned, and the defendant claimed to be bound to pay said ten dollars per month to said Nealey & Miller by reason of said order."

*A. R. Savage and H. W. Oakes*, for plaintiff.

The City of Lewiston could not be charged by a verbal acceptance of the written order. R. S., c. 32, § 10.

If not, then no contract on the part of the city existed, if at all, prior to the time when David Farrar indorsed the written acceptance on the order, as it appears.

This acceptance, if it was otherwise of any value to charge the city, was made after the plaintiff's assignment, after its record, and after notice to Mr. Farrar of the same. It was manifestly too late then to get up a contract which would deprive the plaintiff of his rights under the assignment.

But we say the order was worthless to charge the city any way it can be considered. First, it was for part of the wages to be earned only. *Getchell* v. *Maney*, 69 Maine, 442; *Bank* v. *McLoon*, 73 Maine, 498, 510.

Secondly: The order was directed to David Farrar, the acceptance was signed by David Farrar, and David Farrar, if any one, and not the City of Lewiston, would be bound by it. *Rendell* v. *Harriman*, 75 Maine, 497; *Ross* v. *Brown*, 74

Maine, 352; *Simpson* v. *Clark*, 72 Maine, 40; *Nobleboro* v. *Clark*, 68 Maine, 93; *Mellen* v. *Moore*, 68 Maine, 390; *Sturdivant* v. *Hull*, 59 Maine, 172.

Thirdly: David Farrar could not by any act of his, however complete in form, bind the City of Lewiston by a contract of this nature. There was only a small amount involved and all parties amply able to back up any liability which might be incurred by assuming such a contract to be valid, but if the treasurer could accept an order and bind the city, why could he not sign a note, or any other contract, not for thirty or sixty dollars but for thousands? The law does not recognize such power in public officers. *Ross* v. *Brown*, 74 Maine, 352; *Parsons* v. *Monmouth*, 70 Maine, 262. Unless the city entered into some binding contract by which it could be forced to pay the sum mentioned in the order accepted by David Farrar, the order affords no defense to the city against the claim of the plaintiff.

*W. H. White* and *Seth M. Carter*, for defendant.

Peabody took only the right which Souther had under the assignment at its date. The promise of city treasurer not void by R. S., c. 32, § 10. It is only for the protection of the party to be charged and voidable at his election. The effect of this statute on the contract is the same as that of the statute of frauds. *Cahill* v. *Bigelow*, 18 Pick. 369; *Beal* v. *Brown*, 13 Allen, 114; *Swett* v. *Ordway*, 23 Pick. 266; *Townsend* v. *Hargraves*, 118 Mass. 336; *Ames* v. *Jackson*, 115 Mass. 512.

But even if this order to Nealey & Miller were an assignment of wages it makes no difference. Peabody took by the terms of his assignment only Souther's right. What was that right? The same as in the ordinary quitclaim deed which the courts have defined, viz: all the interest he ever had less that with which he had legally parted. *Adams* v. *Cuddy*, 13 Pick. 463; *Jam. Pond, &c.*, v. *Chandler*, 9 Allen, 169.

Souther had parted with the ten dollars per month with the consent of the city and one payment had been made under the arrangement.

That such assignment was not recorded is of no consequence

here for Peabody's assignment don't cover the same money. Its legal construction would have been no different, so far as this ten dollars per month is concerned, had the assignment been written, "The balance due me after paying Nealey & Miller ten dollars per month." Peabody has nothing to do with the ten dollars per month in any event, and hence it is no concern of · his whether the order was recorded or not.

The terms of his assignment put him upon inquiry at his peril as to what Souther's rights would be.

HASKELL, J. The question is, who has the better right to demand of the city of Lewiston the wages of one in its employ, the plaintiff, by virtue of an assignment, or a third party, under an order upon the city, earlier in date, but not accepted in writing until after the assignment had been duly recorded.

The order could not operate as an assignment, for want of record; R. S., c. 111, § 6; nor to charge the city as acceptor, for want of acceptance in writing prior to the recording of the assignment; R. S., c. 32, § 10. The plaintiff, therefore, claiming under the assignment, must prevail.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and WHITEHOUSE, JJ., concurred.